# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Jaime Silva-Acosta,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV-14-01347-PHX-DLR<br><br>**ORDER** |

　　　　Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Doc. 1), United States Magistrate Judge Michelle H. Burns' Report and Recommendation ("R&R"), (Doc. 13), and Petitioner's objections to the R&R, (Doc. 14).

　　　　The Court has considered Petitioner's objections and reviewed the R&R *de novo*. The R&R recommends that the Court deny the petition and that it be dismissed with prejudice as to Grounds Three, Four, Five and Six because they are procedurally barred. Nor did Petitioner establish grounds to excuse the procedural default by a showing of cause and prejudice or argue a fundamental miscarriage of justice. Additionally, inadequate assistance of counsel at initial-review collateral proceedings—which may establish cause for procedural default of a claim of ineffective assistance of counsel— does not apply to Grounds Three, Four and Six, which do not allege ineffective assistance of counsel, and the ineffective assistance of counsel claim alleged in Ground Five fails both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Regarding Grounds One and Two of the petition, both of which allege ineffective

assistance of counsel, the R&R recommends dismissal because Petitioner failed to demonstrate deficient performance or resulting prejudice, and the state courts' rejection of these claims was neither contrary to, nor an unreasonable application of, *Strickland*.

The Court has considered Petitioner's objections as if they had been filed before the R&R had been prepared. Petitioner's objections are conclusory and not supported by facts. For example, Petitioner argues that "to the best of his knowledge he has adequately exhausted all his claims with the state courts and not omitted any procedural steps," and "[t]he trial court committed basic and fundamentally error where it improperly attempted to coerce the Petitioner, and thus violates the 14th Amendment for Equal Protection and Due Process where fear was used as a potential fulcrum against him." (Doc. 14 at 3, 5.)

Having considered Petitioner's objections, the Court agrees with the Magistrate Judge's determinations, accepts the recommended decision within the meaning of Federal Rule of Civil Procedure 72(b), and overrules Petitioner's objections. *See* 28 U.S.C. §636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS THEREFORE ORDERED** that the R&R, (Doc. 13), is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment **DENYING** Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2254, (Doc.1), with prejudice. The Clerk shall terminate this action.

1    **IT IS FURTHER ORDERED** that, having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Petition for Writ of Habeas Corpus, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

Dated this 4th day of June, 2015.

Douglas L. Rayes
United States District Judge